No. 72–6083. Smith *v.* United States. C. A. 5th Cir. Certiorari denied.

Mr. Justice Douglas, with whom Mr. Justice Brennan concurs, dissenting.

Petitioner was originally charged with removing a United States Treasury check from the mail, in violation of 18 U. S. C. § 1702, and uttering a forged Treasury check, in violation of 18 U. S. C. § 495. After a jury trial, petitioner was convicted on the obstruction-of-the-mails charge but acquitted on the uttering charge. Thereafter, petitioner was granted a new trial.[1]

Prior to the new trial, a superseding indictment was returned, which repeated the charge of removing a United States Treasury check from the mail in violation of 18 U. S. C. § 1702, but charged forgery of a Treasury check in violation of 18 U. S. C. § 495, rather than the uttering charge on which petitioner had been previously ac-

---

[1] The trial judge died before sentencing petitioner, and the case was reassigned to another judge who imposed sentence. Unnoticed in the transfer was the fact that the petitioner's motion for a new trial had never been ruled upon. When this was discovered, petitioner was granted a new trial.

quitted. Petitioner moved to dismiss the forgery count, contending that his acquittal at the first trial on the charge of uttering a forged instrument barred the Government from proving, at a second trial, that he was the forger. The District Court denied the motion. The Government moved to dismiss the obstruction-of-the-mails charge.[2] Petitioner waived his right to jury trial and on a stipulation to the facts alleged in this count was found guilty of forgery.

Petitioner urges that both the forgery and uttering charges should have been prosecuted in a single trial. I would agree. As was stated in the dissent in *Ashe* v. *Swenson*, 397 U. S. 436, 452: "Given the tendency of modern criminal legislation to divide the phases of a criminal transaction into numerous separate crimes, the opportunities for multiple prosecutions for an essentially unitary criminal episode are frightening." The instant action is a prime example of how the prosecution, with the hindsight of what developed at the initial trial, can thereafter choose another phase of the criminal transaction on which to indict a defendant and force him to go through the emotional and monetary strains of additional litigation.

I would adopt the interpretation of the Double Jeopardy Clause urged by the dissent in *Ashe*. Except in limited circumstances, the prosecution should be required to join in one trial all the charges against a single defendant which grow out of a single criminal act, occurrence, episode, or transaction. Only such an interpretation of the Double Jeopardy Clause will promote justice, economy, and convenience, as well as guard against

[2] The Government gave the petitioner the option of going to trial on either the charge of forgery or the charge of taking the check from the mails. Petitioner chose the forgery count, expressly acknowledging that he chose it even though the penalties thereunder were the more severe.

vexatious prosecutions. Such an interpretation is imperative in light of the virtually unreviewable prosecutorial discretion concerning the initiation and scope of a criminal prosecution.